*Perry v. Half Hollow Hills Central School District*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-four.

PRESENT:
> MICHAEL H. PARK,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

Robert Perry,

> *Plaintiff-Appellant*,

v.                                                                    22-2690

Half Hollow Hills Central School District, Dr. Jeffrey Woodberry, Assistant Superintendent, Mr. Wayne Ebanks, Assistant Principal, Jennifer Palumbo,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:          Robert Perry, *pro se*, Baldwin, NY.

FOR DEFENDANTS-APPELLEES:          Joshua S. Shteierman, Volz & Vigliotta, PLLC, Nesconset, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 27, 2022, judgment of the district court is **AFFIRMED**.

Appellant Robert Perry, proceeding *pro se*, sued the school district where he used to work—as well as its assistant superintendent, its assistant principal, and another former colleague there—for discrimination and retaliation on the basis of race, gender, age, and disability status under various federal statutes. Defendants moved to dismiss the claims as barred by a general release in a settlement agreement and as time barred. The district court granted the motion and dismissed the complaint. Perry timely appealed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

Perry does not challenge the district court's rulings in his brief, instead focusing solely on the merits of his underlying claims. In other words, he does not dispute that his claims were precluded and time barred. Although we liberally construe pleadings and briefs submitted by *pro se* litigants to raise the strongest arguments they suggest, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires *all* appellants "to provide the court with a clear statement of the issues on appeal" in their briefs, *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Moates*, 147 F.3d at 209; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . ."). Perry has abandoned any challenge to the basis for the district court's judgment in this case, and

we can affirm for that reason alone.   *See Moates*, 147 F.3d at 209 ("Since Moates did not make any mention of the filing ban in his brief, we treat the issue as waived."); *see also Chevron Corp. v. Donzinger*, 990 F.3d 191, 203 (2d Cir. 2021) ("Arguments not raised on appeal are deemed abandoned and need not be reviewed by this Court.").

We have considered Perry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court